## McKenzie Company *v.* Fidelity & Deposit Company of Maryland et al., Appellants.

Argued May 26, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

340

[REDACTED]

*William H. Neely,* with him *Paul A. Koontz,* for appellants.

*F. Brewster Wickersham,* of *Metzger & Wickersham,* for appellee.

OPINION BY MR. JUSTICE LINN, June 29, 1942:

This appeal is by defendants, a contractor's sureties, from judgment on a verdict in favor of plaintiff, a subcontractor. The statement claimed on four items; three of them being inadequately denied in the affidavit of defence, were read in evidence, which, as to them, made out a prima facie case.

On the other item, the jury may have found, inter alia, the following facts, which would support the verdict: Herman Holmes[1] obtained a contract, dated July 26, 1939, to do certain excavation in the construction of the Turnpike extending from Middlesex, Cumberland County, and Irwin, Westmoreland County.[2] Defendants became liable on their bond for material and labor. Plaintiff became a sub-contractor under Holmes and entitled to the protection of the bond. Plaintiff began work about "the middle of August," 1939, on an oral contract. Differences appear to have arisen, in consequence of which Holmes and plaintiff, by writing dated October 16, 1939, agreed that plaintiff should

---

[1] He was brought in as added defendant and has stipulated with the defendants, to pay the judgment.

[2] Constructed by the Pennsylvania Turnpike Commission pursuant to Act of May 21, 1937, P. L. 774, 36 PS section 652a et seq.

". . . complete the grading of what is known as Section 3, and that part of Section 2, commencing at Station 635

| Approx. Quantities | Item | Unit Price | Total |
|---|---|---|---|
| 300,000 CY | Class 1 Excavation | .43 | $129,000" |

By about December 9th the parties agreed that the work was completed and there was paid to or for the account of plaintiff the agreed price of $129,000.[3] The parties then made another parol contract for additional excavation at $1.20 a cubic yard on which the plaintiff began work about December 27, 1939, and finished in March, 1940. On this contract 77,326 cubic yards were excavated and payments[4] aggregating $66,901.13 were made on account. The yardage came from the records of the Turnpike Commission and was not in dispute.

The substantial dispute was whether this contract to excavate at $1.20 a cubic yard was made. The jury was instructed in a charge occupying nearly 50 pages of the printed record. The assignments of error complaining that defendants' point for binding instructions and their motion for judgment n. o. v. were refused have no foundation; the admissions in the affidavit of defence alone required such action; but, in addition, there was evidence supporting the respective contentions. The other assignments are equally without merit; they complain that the jury was permitted to find that the contract for the excavation of approximately 300,000 cubic yards had been performed and that then another contract for additional excavation was made.

We must dismiss, as inapplicable to the facts shown, appellants' contention that there was no consideration for the contractor's promise to pay the plaintiff subcontractor $1.20 a cubic yard for excavating the excess

---

[3] Plaintiff put in evidence an exhibit which, he stated, is "the accounting or is an itemized list of bills paid for everything that Herman Holmes paid for me [plaintiff] from August 15th through to December first."

[4] In their affidavit of defense defendants aver that plaintiff was overpaid in the sum of $40,168.41.

over approximately 300,000 cubic yards. The parties differed in their testimony concerning the completion of performance of the first contract and as to the terms of the second; it was the duty of the jury to find the facts, and there is evidence to support the verdict.

Judgment affirmed.